UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JANUSZ ANDRYSZAK,
                                         CIVIL CASE NO. 04-40232
              Plaintiff,
                                         HONORABLE PAUL V. GADOLA
v.                                       U.S. DISTRICT JUDGE

PAC FEDERAL CREDIT UNION,

              Defendant.
_____/


### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant PAC Federal Credit Union's "motion to dismiss," which alternatively seeks summary judgment, that was accepted for filing on March 3, 2005. The Court previously determined that this motion would be decided on the briefs in order to accommodate Plaintiff's difficulties in traveling to Flint. See Order Jan. 7, 2005. Also before the Court are two motions brought by Plaintiff.

The Court will first address Plaintiff's "motion for leave to file written legal interpretation from U.S. Department of Labor in Washington D.C. as attachment to" his response. In the motion, Plaintiff, who is proceeding pro se, requested permission to file a "legal interpretation from [the] Office of Regulation and

Interpretation [of the] U.S. Department of Labor in Washington" and requested that the Court "postpone consideration [of] defendant's motion to dismiss." Plaintiff subsequently filed additional briefing and attachments on March 22, 2005 and March 23, 2005 (these two filings are identical). Because Plaintiff is proceeding pro se, and because the filing of the additional briefing did not delay or substantially expand the matters to be addressed, the Court will grant leave for the additional filings and will consider them in conjunction with Plaintiff's response. Accordingly, Plaintiff's motion for leave to file the materials is granted. The Court notes that the materials at issue were already filed and docketed by the Clerk of the Court.

   Defendant previously filed a motion for summary judgment based on the doctrine of res judicata. That motion was denied by Judge Woods before the case was reassigned to this Court. In particular, and most relevant to the present motion, Judge Woods concluded that "Plaintiff does not specify [] under what provision he proceeds; however, it appears that his claim implicated a breach of fiduciary duty, which is properly actionable under ERISA § 502(a)(2) [29 U.S.C. § 1132(a)(2)]."

   Based on this previous determination, the Court will first address whether Plaintiff may bring a claim under 29 U.S.C. § 1132(a)(2). Section 1132(a)(2) states that "[a] civil action may

be brought . . . by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under [29 U.S.C. § 1109]." 29 U.S.C. § 1132(a)(2).  Section 1109 states that "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each breach . . . ." 29 U.S.C. § 1109.  The Sixth Circuit, in addressing a claim for breach of fiduciary duty brought under 29 U.S.C. § 1109 has held that "[i]t is well-settled that fiduciary liability under ERISA arises in favor of the plan itself, and that plan participants may not seek to recover in an individual capacity." Tassinare v. Am. Nat'l Ins. Co., 32 F.3d 220, 222 (6th Cir. 1994) (emphasis added) (citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140-44, (1985); Tregoning v. Am. Cmty Mut. Ins. Co., 12 F.3d 79, 83 (6th Cir. 1993)).  In this case, Plaintiff is a plan participant who is seeking to recover in an individual capacity, not in favor of the plan.  Therefore, as the Sixth Circuit has stated, "summary judgment would appear justified" because Plaintiff cannot maintain this suit as an individual.  Tassinare, 32 F.3d at 223 n. 3.

Plaintiff also argues that his claims are based on 29 U.S.C. § 1104(a)(1)(A).  Pl. Resp. at p. 10.  This section, however, simply defines the fiduciary duties; it does not provide for suits

brought in an individual capacity. Plaintiff next claims that because a notice of the "blackout period" was not provided to him as required by 29 U.S.C. § 1021(i), he is entitled to damages under 29 U.S.C. § 1132(c)(7).[1] Section 1132(c)(7), however, permits "[t]he Secretary" to "assess a civil penalty against a plan administrator of up to $100 a day from the date of the plan administrator's failure or refusal to provide notice to participants and beneficiaries in accordance with" 29 U.S.C. § 1021(i)." 29 U.S.C. § 1132(c)(7)(emphasis added). The statute further defines "[t]he term 'Secretary' means the Secretary of Labor." 29 U.S.C. § 1002(13). To state the obvious, Plaintiff is not the Secretary of Labor. Therefore, this section does not enable Plaintiff to obtain a civil penalty in his individual capacity.

Plaintiff's supplemental filings state that Plaintiff may have received conflicting advice from a department of the government. Such advice, however, does not alter the Court's determination and application of the laws, which is discussed above. In accordance with the Sixth Circuit's instruction in Tassinare, the Court will enter judgment for the Defendant. See Tassinare, 32 F.3d at 223

---

[1] The Court notes that both parties have referred to this section as 29 U.S.C. § 1**3**32(c). The Court believes that both parties instead intended to refer to 29 U.S.C. § 1**1**32(c).

n.3.

Finally, Plaintiff seeks an award of reasonable attorney fees under 29 U.S.C. § 1132(g)(1).  The Court first of all notes that Plaintiff is proceeding pro se, and as such has not paid attorney fees.  Furthermore, because the Court determines that Plaintiff cannot prevail on his claims brought before this Court, the Court determines that an award of attorney fees is not appropriate.  As the prevailing party, Defendant, not Plaintiff, would be entitled to costs under Federal Rule of Civil Procedure 54(d), "unless the court otherwise directs."  The Court determines that an award of costs to Defendant is not warranted in this matter, and therefore directs that no costs shall be awarded to either party.

Finally, the Court will address Plaintiff's "motion for reassignment."  In the motion, Plaintiff requests that the case be reassigned to a judge in Detroit because of Plaintiff's lack of transportation and his motion sickness.  Because the Court will grant Defendant's motion and enter judgment in this case, Plaintiff's motion for reassignment is moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "motion to dismiss" [docket entry 21] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file [docket entry 25] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for reassignment [docket entry 20] is **DENIED AS MOOT.**

**SO ORDERED.**

Dated:   April 22, 2005              s/Paul V. Gadola
                                     HONORABLE PAUL V. GADOLA
                                     UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   April 22, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:           Lisa T. Milton                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Janusz Andryszak                             .

                                     s/Ruth A. Brissaud
                                     Ruth A. Brissaud, Case Manager
                                     (810) 341-7845